UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| SAMIR JAKUPOVIC, | ) | Case No. 23-15263 |
|     Debtor, | ) | |
| | ) | Honorable A. Benjamin Goldgar |
| | ) | |
| ZILHA JAKUPOVIC, | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | Adversary No. |
| | ) | |
| SAMIR JAKUPOVIC, | ) | |
|     Defendant. | ) | |

**COMPLAINT OF ZILHA JAKUPOVIC
(1) TO DETERMINE THE NON-DISCHARGEABILITY OF A DEBT, AND
(2) <u>OBJECTING TO DISCHARGE OF DEBTOR</u>**

Plaintiff, ZILHA JAKUPOVIC ("ZILHA" or "Plaintiff"), by and through her undersigned counsel, and for her Adversary Complaint against SAMIR JAKUPOVIC ("Debtor" or "Defendant"), states and alleges as follows:

**JURISDICTION AND VENUE**

1. This is an adversary proceeding under 11 U.S.C. § 523 to determine the dischargeability of a debt and under 11 U.S.C. § 727 to determine the Debtor's eligibility for a discharge.

2. This Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1409(a) because this proceeding arises under title 11, United States Code, and likewise arises in the course of the Debtor's pending chapter 7 case under Case No. 23-15263 (the "Chapter 7 Case").

4. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(I) and (J).

1

## FACTS COMMON TO ALL COUNTS

5. ZILHA is a natural person and a citizen of the State of Illinois.

6. Defendant is a citizen of the State of Illinois. Defendant filed his petition for relief under Chapter 7 of the Bankruptcy Code on November 13, 2023 (the "Petition Date"), thereby commencing the Chapter 7 Case.

7. Plaintiff is the holder of a claim against the Defendant arising from a Judgment for Dissolution of Marriage and Marital Settlement Agreement dissolving the bonds of matrimony between Plaintiff and Defendant and dividing the marital property between Plaintiff and Defendant, as more fully described below.

8. On July 22, 2019, Plaintiff filed her Petition for Dissolution of Marriage in the Circuit Court of Cook County, Illinois, seeking to dissolve the bonds of matrimony between Plaintiff and Defendant.

9. On August 18, 2022, the Honorable Judge Matthew Jannusch entered a Judgment for Dissolution incorporating a Marital Settlement Agreement, dissolving the bonds of matrimony between the parties and dividing the marital estate per the parties' agreement.

10. Pursuant to said Marital Settlement Agreement, Defendant was awarded the real property commonly known as 6440 Foster Ave., Chicago, Illinois; the real property commonly known as 757 N. Orleans, Unit 2112, Chicago, Illinois, the parties' real property located in Bosnia-Herzegovina; all interest in S&L Cartage, Inc., LG Express, Inc., ILG International, Inc., S&L Intermodal, Inc., Archer Truck Repair, Inc., and Bella Abel, LLC as well as all assets held by said businesses; and any and all bank accounts in his name.

11. Said Marital Settlement Agreement further awarded ZILHA the sum of One Million Forty Thousand and No/100ths Dollars ($1,040,000.00) from Defendant for her interest in the marital estate. Said amount was to be paid to ZILHA by Defendant as follows:

    a. The sum of One Hundred Forty-Five Thousand and No/100ths Dollars ($145,000.00) was to be paid from funds held in escrow by counsel for ZILHA on the date of the dissolution of marriage.

    b. The sum of Fifty-Five Thousand Eight Hundred and No/100ths Dollars ($55,800.00) was to be paid from funds held in escrow by counsel for Defendant on the date of the dissolution of marriage.

    c. The sum of Forty-Nine Thousand Two Hundred and No/100ths Dollars ($49,200.00) was to be paid to ZILHA by February 18, 2023;

    d. The sum of Two Hundred Fifty Thousand and No/100ths Dollars ($250,000.00) was to be paid to ZILHA by August 18, 2024; and

    e. Monthly payments of Five Thousand and No/100ths Dollars ($5,000.00) were to be made by Defendant to ZILHA beginning September 1, 2022 and continuing for nine (9) years.

12. The Marital Settlement Agreement had been negotiated by the parties and each of them had signed the Marital Settlement Agreement, agreeing to be bound by its terms.

13. On or about the date of the entry of the Judgment for Dissolution, a total of One Hundred Eighty-Seven Thousand Four Hundred Fifty-Two and No/100ths Dollars ($187,452.00) was paid to ZILHA representing the sum of $145,000.00 held by counsel for ZILHA and a portion of the amount that was to have been paid from funds held in escrow by counsel for Defendant.

14. Defendant failed to pay the sum of Forty-Nine Thousand Two Hundred and No/100ths Dollars ($49,200.00) that was due on February 18, 2023.

15. Defendant additionally paid the monthly installment payments of Five Thousand and No/100ths Dollars ($5,000.00) from September 2022 to November 2023, and paid one half of the monthly installment payment in December 2023.

16. On May 5, 2023, the Honorable Judge Jannusch held Defendant in contempt of court for his failure to make the payments as set forth in the Judgment for Dissolution of Marriage and Marital Settlement Agreement and set a purge of the contempt in the amount of Sixty-Two Thousand Five Hundred Forty-Eight and no/100ths Dollars ($62,548.00). The Court additionally ordered that Defendant's passport was to be held by counsel for Defendant until further order of Court and entered an order of commitment for Defendant, which the Court stayed until July 14, 2023.

17. On or about July 14, 2023, Defendant made a payment of Thirty-Thousand Three Hundred Fifty and no/100ths Dollars ($30,350.00) toward the purge leaving a balance on the purge of Thirty-Two Thousand One Hundred and Ninety-Eight and no/100ths Dollars ($32,198.00). The Court further granted Defendant leave to travel to Bosnia and Herzegovina and Croatia between July 17, 2023 and September 1, 2023, requiring that he return his passport to his counsel upon his return to the United States. The Court stayed the commitment order once more.

18. On October 5, 2023, the parties appeared before the Honorable Judge D. Renee Jackson to inform the Court of the status on the purge and for other matters. No further payments toward the purge had been made at that time. The Court ordered the parties to return on

November 14, 2023 for a further status on the purge, and ordered that, were the purge not paid, Defendant would be taken into custody at that time.

19. While the Defendant has failed to list the debt to ZILHA in his bankruptcy schedules, Defendant has repeatedly represented to the Honorable Judge D. Renee Jackson that he was seeking to discharge the debt to ZILHA through the instant Chapter 7 Case.

## COUNT I

## EXCEPTION TO DISCHARGE PURSUANT TO 11 U.S.C. § 523(a)(15)

20. Plaintiff restates and re-alleges the allegations in Paragraphs 1 through 19 inclusive as if fully set forth herein.

21. Section 523(a)(15) of the Bankruptcy Code provides, in pertinent part, as follows:

> (a) A discharge under section 727 … of this title does not discharge an individual debtor from any debt – to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record …"
> *********

22. Debtor's debt to ZILHA is a debt incurred by the Debtor to a former spouse in the course of a divorce and in connection with a divorce decree.

23. The nature of the Debtor's debt to ZILHA renders this debt nondischargeable.

WHEREFORE, ZILHA JAKUPOVIC respectfully requests judgment in her favor pursuant to §523(a)(15) of the Bankruptcy Code and denying the Defendant's discharge of debt as awarded to Plaintiff in the Judgment for Dissolution of Marriage and Marital Settlement Agreement, and for such other and further relief as may be just and equitable under the circumstances presented.

## COUNT II

## **OBJECTION TO DISCHARGE PURSUANT TO 11 U.S.C. §727(a)(4)(A)**

24. Plaintiff restates and realleges the allegations in Paragraphs 1 though 19 inclusive as if fully set forth herein.

25. Section 727(a)(4)(A) of the Bankruptcy Code provides, in pertinent part, that the court shall grant a debtor a discharge, *unless* "the debtor knowingly and fraudulently, in or in connection with the case – made a false oath…"

26. In response to Part 2 of his Schedule A, the Debtor lists only one vehicle, a 2021 Mercedes G-Class. Debtor knowingly failed to include a 2020 Mercedes-Benz AMG and knowingly failed to include an additional vehicle titled in his name and presently located in Bosnia-Herzegovina.

27. Plaintiff believes and therefore alleges that the Debtor's response to Part 2 constitutes a false oath.

28. In response to question 17 of his Schedule A, Debtor lists a personal bank account with Chase Bank and a business bank account with Chase Bank as his only deposits of money. On information and belief, Debtor has an account at Citibank to which he made deposits from his business Chase Bank account in August of 2023. On information and belief, Debtor has an account at Erste Group Bank AG, to which he has transferred substantial assets in recent years.

29. Plaintiff believes, and therefore alleges that Debtor's response to question 17 constitutes a false oath.

30. The false oaths listed above are material because they pertain to the Debtor's assets, and provide a false and misleading description of the Debtor's financial affairs that could

dissuade a party in interest from conducting a more thorough examination of the Debtor's affairs.

31. Any statements made by the Debtor under oath during the meeting conducted pursuant to § 341 of the Bankruptcy Code regarding the completeness and accuracy of the schedules he submitted would likewise constitute false oaths.

WHEREFORE, ZILHA respectfully requests that Defendant be denied a discharge pursuant to § 727(a)(4)(A) of the Bankruptcy Code, and that Plaintiff be awarded such other and further relief as may be just and equitable under the circumstances presented.

## COUNT III

## OBJECTION TO DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(2)

32. Plaintiff restates and realleges the allegations in Paragraphs 1 through 30 inclusive as if fully set forth herein.

33. Section 727(a)(2) of the Bankruptcy Code provides, in pertinent part, that the court shall grant the debtor a discharge, *unless* "the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated or concealed … property of the debtor, within one year before the date of the filing of the petition …"

34. The Debtor's transfer of his interest in 727 N. Orleans, Unit 2112, Chicago, Illinois occurred on July 7, 2023 within one year of the Petition date.

35. The consideration claimed at the July 7, 2023 transfer of the residence was $375,000.00.

36. The Redfin website lists the current fair market value of the residence at $531,940.00

37. On information and belief, the Debtor transferred his interest in the property to a person personally known to him, and Debtor continues to reside at 727 N. Orleans, Unit 2112, Chicago, Illinois.

38. The Debtor's transfer of interest in the property was not at arm's length or for fair consideration.

39. On information and belief, Debtor transferred his interest in 727 N. Orleans, Unit 2112, Chicago, Illinois within one year before the Petition Date with the intent to hinder, delay or defraud an officer of the estate charged with custody of the property under the Bankruptcy Code.

40. Within one year prior to the Petition Date, the Debtor dissolved all but one of the businesses in his name, and transferred the remaining business to his brother for no consideration.

41. Valuations of two of the dissolved businesses set the values for the Debtor's interest in the business at $1,716,400.00 as of December 31, 2020 for S & L Cartage, Inc. and $2,101,000.00 as of December 31, 2020 for LG Express, Inc.

42. The business transferred to the Debtor's brother for no consideration continues to engage in the same business from the same location as the dissolved businesses.

43. On information and belief, the Debtor dissolved and transferred his interest in the businesses within one year before the Petition Date with the intent to hinder, delay or defraud an officer of the estate charged with custody of the property under the Bankruptcy Code.

8

WHEREFORE, ZILHA respectfully requests that Defendant be denied a discharge pursuant to § 727(a)(2) of the Bankruptcy Code, and that Plaintiff be awarded such other and further relief as may be just and equitable under the circumstances presented.

Respectfully submitted,
ZILHA JAKUPOVIC


By: */s/ Phillip Brigham*
Attorney for Plaintiff

Phillip Brigham
Law Office of Phillip Brigham, LLC
53 West Jackson St., Suite 1560
Chicago, IL 60604
(312) 360-1722
pbrigham@phillipbrighamlaw.com